782 So.2d 419 (2001)
Travis TANGUAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D00-1424.
District Court of Appeal of Florida, Second District.
February 16, 2001.
Rehearing Denied February 16, 2001.
*420 James Marion Moorman, Public Defender, and Deborah K. Bruckheimer, Assistant Public Defender, Bartow, for Petitioner.
Robert Butterworth, Attorney General Tallahassee, and Margaret Brenan, Assistant Attorney General, Miami, for Respondent.
PER CURIAM.
Travis Tanguay petitions this court for a writ of prohibition preventing the trial court from hearing the civil commitment petition that is pending against him pursuant to the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act (hereinafter "the Act"). See §§ 916.31-.49, Fla.Stat. (Supp.1998).[1] We conclude that the trial court has jurisdiction to entertain the commitment petition and reject Tanguay's argument to the contrary without discussion.
Tanguay next contends that even if the trial court has jurisdiction to entertain the petition, it must nonetheless be dismissed because the State violated Tanguay's right to due process. Specifically, Tanguay argues that the State illegally detained him for sixteen days beyond the expiration of his sentence in order to evaluate him and file a commitment petition against him. The Act in effect at the time of Tanguay's detention made no provision for holding a person beyond the expiration of his or her sentence.[2] It appears from the record before this court that the State simply failed *421 to release Tanguay upon the lawful expiration of his sentence and continued to hold him with no legal authority to do so.
We agree with Tanguay that the State denied him due process, see, e.g., Valdez v. Moore, 745 So.2d 1009 (Fla. 4th DCA 1999), as well as violated his Fourth Amendment right to be free from unlawful seizure, see, e.g., Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), by detaining him for sixteen days without a commitment petition having been filed, without a judicial finding of probable cause, and without affording him any notice or opportunity to be heard. Tanguay has not, however, alleged any prejudice from the State's unlawful detention other than the deprivation of his liberty. He has not, for example, alleged that he has been prejudiced in defending the commitment proceeding in any way. We therefore decline at this time to find that the State's violation of Tanguay's constitutional rights requires the dismissal of the commitment petition.
We conclude, however, that the only adequate remedy to address the State's failure to comply with the requirements of the Act or to afford Tanguay even minimal constitutional protections is to order Tanguay's release from custody pending his commitment hearing. See, e.g., Johnson v. Department of Children & Family Servs., 747 So.2d 402 (Fla. 4th DCA 1999) (holding that courts have inherent authority to order the release of a detainee when the State fails to scrupulously comply with the requirements of the Act or the applicable constitutional provisions); Kinder v. State, 25 Fla.L. Weekly D1637 (Fla. 2d DCA July 7, 2000)[*] (holding that the only adequate remedy to redress the State's violation of a detainee's statutory right to be afforded a commitment hearing within thirty days was to order his release pending hearing). We therefore treat Tanguay's petition as a petition for writ of mandamus, grant it to the extent that it seeks his release from confinement, and direct the trial court to order his release. See Kinder, 25 Fla.L. Weekly at D1637. We deny the petition in all other respects.
In doing so, however, we recognize the need for a uniform approach to this issue within the state and therefore certify the following question to the Supreme Court of Florida as one of great public importance:
WHEN THE STATE UNLAWFULLY DETAINS A PERSON BEYOND THE EXPIRATION OF HIS OR HER SENTENCE IN ORDER TO SEEK CIVIL COMMITMENT PURSUANT TO THE JIMMY RYCE ACT, SHOULD THAT COMMITMENT PETITION BE DISMISSED WITH PREJUDICE?
Petition denied in part, granted in part, and question certified.
THREADGILL, A.C.J., and GREEN, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.
NOTES
[1] See ch. 98-64, § 1, at 446, Laws of Fla. The Act has since been amended and renumbered and now appears at sections 394.910-394.931, Florida Statutes (2000).
[2] The Act now provides that a person may be held beyond the expiration of his or her sentence for seventy-two hours in order to be evaluated and for an additional forty-eight hours to enable the State to file a commitment petition. See § 394.9135, Fla.Stat. (2000).
[*] Editor's note: This opinion was withdrawn by the court and substituted with Kinder v. State, 779 So.2d 512 (Fla. 2d DCA 2000).