791 So.2d 537 (2001)
Daniel C. ATKINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D00-3243.
District Court of Appeal of Florida, Second District.
July 27, 2001.
*538 James Marion Moorman, Public Defender, and Howard L. Dimmig, II, Assistant Public Defender, Bartow, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Dyann W. Beaty, Assistant Attorney General, Tampa, for Respondent.
WHATLEY, Acting Chief Judge.
Daniel C. Atkinson petitions this court for a writ of prohibition preventing the trial court from hearing the civil commitment petition that is pending against him pursuant to the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act (hereinafter "the Act"). See §§ 916.31 916.49, Fla. Stat. (Supp.1998).[1] Atkinson argues that the Act does not apply to him because he was not in lawful custody on its effective date, and therefore, the trial court is without jurisdiction to entertain the commitment petition. We agree, grant the petition for writ of prohibition, and direct the trial court to discharge Atkinson. However, because we acknowledge that this is an issue of great public importance, we also certify a question to the Florida Supreme Court.
Atkinson was sentenced on September 25, 1996, to five years in prison for an offense that qualifies him for commitment under the Act. In early 2000, Atkinson sought resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), and as a result was resentenced to twenty-one months' prison on May 25, 2000. Under the new sentence, his prison term would have expired (even without an award of any gain time) on or around June 25, 1998some six months before the effective date of the Act. Atkinson argues that therefore he was not in lawful custody on January 1, 1999, the effective date of the Act, and the Act does not apply to him.
Atkinson relies entirely on section 916.45, Florida Statutes (Supp.1998),[2] which provides in pertinent part that, "[s]ections 916.31-916.49 apply to all persons currently in custody who have been convicted of a sexually violent offense...." Atkinson argues that this custody requirement must be read to require lawful custody. We agree. Courts are constrained as *539 a basic tenet of statutory interpretation to avoid a construction of a statute that would result in unreasonable, harsh, or absurd consequences. See Thompson v. State, 695 So.2d 691 (Fla.1997). To read the Act as the State suggests to require only actual custody, regardless of its lawfulness, would produce such a result and would be contrary to public policy. We therefore hold that insofar as the Act applies to "all persons currently in custody," it is limited to persons who were in lawful custody on its effective date.[3]
Atkinson also argues for the first time in his reply brief that the State illegally detained him for fourteen days beyond the expiration of his sentence in order to file a commitment petition against him. While we condemn such action and have found it to be grounds for release, see Tanguay v. State, 782 So.2d 419 (Fla. 2d DCA 2001), we decline to address this argument in this case because it was not properly raised and because it is mooted by our resolution of Atkinson's other claim.
Lastly, because we believe this petition to raise an issue of great public importance, we certify the following question to the Florida Supreme Court:
DOES THE JIMMY RYCE ACT APPLY TO PERSONS CONVICTED OF SEXUALLY VIOLENT OFFENSES BEFORE THE EFFECTIVE DATE OF THE ACT WHO WERE NOT IN LAWFUL CUSTODY ON THE EFFECTIVE DATE OF THE ACT?
Petition for writ of prohibition granted.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] The Act has since been amended and renumbered and now appears at sections 394.910-394.931, Florida Statutes (2000).
[2] The Act now provides in pertinent part that it "applies to all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in s. 394.912(9)...." Because we do not discern any difference between the two versions of the statute as they apply to this case, we do not address which version should be applied.
[3] We do not address the remainder of this section which provides that the Act also applies to "all persons convicted of a sexually violent offense and sentenced to total confinement in the future" as that clearly does not apply to Atkinson.