831 So.2d 172 (2002)
STATE of Florida, Petitioner,
v.
Daniel C. ATKINSON, Respondent.
No. SC01-1775.
Supreme Court of Florida.
October 24, 2002.
Robert A. Butterworth, Attorney General, Dyann W. Beaty, Assistant Attorney General, Tampa, FL, and Richard L. Polin, *173 Assistant Attorney General, Miami, FL, for Petitioner.
James Marion Moorman, Public Defender, and Howard L. Dimmig II, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
DOES THE JIMMY RYCE ACT APPLY TO PERSONS CONVICTED OF SEXUALLY VIOLENT OFFENSES BEFORE THE EFFECTIVE DATE OF THE ACT WHO WERE NOT IN LAWFUL CUSTODY ON THE EFFECTIVE DATE OF THE ACT?
Atkinson v. State, 791 So.2d 537, 539 (Fla. 2d DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative.
Atkinson was sentenced on September 25, 1996, to five years in prison for an offense that qualified him for commitment under the Jimmy Ryce Act (Ryce Act).[1] In early 2000, Atkinson sought resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000),[2] and was resentenced to twenty-one months in prison on May 25, 2000. The order granting Atkinson's motion to correct sentence made the corrected sentence of twenty-one months effective, nunc pro tunc, on the date of the prior sentence. Under this new sentence, Atkinson's prison term would have expired on June 25, 1998, even without the award of any gain time.
After the State filed a petition for Atkinson's commitment under the Ryce Act on June 8, 2000, Atkinson petitioned the Second District Court of Appeal for a writ of prohibition to prevent the trial court from hearing the petition. Atkinson argued that the Act did not apply to him because he was not in lawful custody on the effective date of the Act (January 1, 1999) and thus the trial court was without jurisdiction to entertain the commitment petition. The district court agreed, granted Atkinson's petition, and ordered the trial court to discharge him.
Section 394.925, Florida Statutes (2001),[3] provides in pertinent part that the Ryce Act "applies to all persons currently in custody who have been convicted of a sexually violent offense." The district court determined that the custody requirement must be read to require lawful custody. The district court concluded that to interpret the requirement as requiring only actual custody, regardless of its lawfulness, would produce an unreasonable, harsh, or *174 absurd consequence and thus would be contrary to public policy. See Atkinson, 791 So.2d at 538-39.
We agree. A basic tenet of statutory construction compels a court to interpret a statute so as to avoid a construction that would result in unreasonable, harsh, or absurd consequences. See Thompson v. State, 695 So.2d 691, 693 (Fla.1997); State v. Hamilton, 660 So.2d 1038, 1045 (Fla.1995). It would be contrary to the basic tenets of fairness and due process if we were to interpret section 394.925 as requiring only actual custody.
Pursuant to our ruling in Heggs, Atkinson's sentence should have expired on June 25, 1998, and thus he should not have been in custody on the effective date of the Ryce Act. Thus, it would be fundamentally unfair not to give Atkinson the benefit of Heggs by recognizing his operative release date.
Accordingly, we hold that the Ryce Act is limited to persons who were in lawful custody on its effective date. We answer the certified question in the negative and approve the decision below.[4]
It is so ordered.
ANSTEAD, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
HARDING, Senior Justice, dissents with an opinion, in which SHAW and WELLS, JJ., concur.
HARDING, Senior Justice, dissenting.
I do not agree with the majority's interpretation of the "in custody" requirement in section 394.925. The majority concludes that it would produce "an unreasonable, harsh, or absurd" result to interpret this language as requiring only actual custody. However, the majority's interpretation undermines the dual purposes of the Ryce Act, namely protecting the public and ensuring treatment to the dangerously mentally ill. Where two or more interpretations can reasonably be given a statute, the one that will sustain its validity should be given and not the one that will destroy the purpose of the statute. See City of St. Petersburg v. Siebold, 48 So.2d 291, 294 (Fla.1950).
Neither the majority nor the district court explains what the "unreasonable, harsh, or absurd consequences" would be if the statute is interpreted as requiring only actual custody. Furthermore, neither the district court below nor the majority cites any authority to support this interpretation of the "in custody" requirement.
In considering this very issue, however, five California appellate courts have concluded that the custody requirement in California's Sexually Violent Predator (SVP) Act requires only actual custody, not lawful custody. See People v. Jones, No. C034587, 2001 WL 1480301 (Cal.Ct. App. Nov.21, 2001); People v. Hubbart, 88 Cal.App.4th 1202, 106 Cal.Rptr.2d 490 (2001), cert. denied, 534 U.S. 1143, 122 S.Ct. 1097, 151 L.Ed.2d 994 (2002); People v. Wakefield, 81 Cal.App.4th 893, 97 Cal. Rptr.2d 221 (2000); People v. Hedge, 72 Cal.App.4th 1466, 86 Cal.Rptr.2d 52 (1999); People v. Superior Court, 68 Cal.App.4th 1383, 81 Cal.Rptr.2d 189 (1999); Garcetti v. Superior Court, 68 Cal.App.4th 1105, 80 *175 Cal.Rptr.2d 724 (1998). Most of these cases involved inmates who remained in custody after their prison sentences were completed based on a regulation providing for the revocation of parole for psychiatric treatment. A California appellate court subsequently determined that the regulation was unauthorized as it exceeded the authority of the Board of Prison Terms. See Terhune v. Superior Court, 65 Cal. App.4th 864, 76 Cal.Rptr.2d 841 (1998). Based upon this ruling, the California inmates argued that they were not in lawful custody at the time the commitment petitions were filed against them and thus they should be released.
In each instance, the California appellate court concluded that lawful custody was not a prerequisite to the fundamental jurisdiction of a court to proceed on an SVP petition. The courts explained that where the questionable custody is not attributable to negligent or intentional wrongdoing by the State, but instead results from a mistake in law, the error does not undermine the efficacy of the commitment proceedings. See Garcetti, 80 Cal.Rptr.2d at 732; Superior Court, 81 Cal.Rptr.2d at 193-95. The courts also concluded that the purposes of the SVP Act would not be advanced by treating the "unlawful" custody as a jurisdictional barrier to a petition for commitment under the Act. See Garcetti, 80 Cal.Rptr.2d at 732; Superior Court, 81 Cal.Rptr.2d at 194; Jones, 2001 WL 1480301 at *2; People v. Superior Court, Nos. EO28029 & EO28183, 2001 WL 1299443, *8 (Cal.Ct.App. Oct.25, 2001). The courts also noted that the California Legislature amended the custody requirement statute to provide that a petition "shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law" with an explanation that the amendment was "declaratory of existing law." Superior Court, 2001 WL 1299443 at *7; see also Jones, 2001 WL 1480301 at *2; Wakefield, 97 Cal.Rptr.2d at 223-24; Garcetti, 80 Cal.Rptr.2d at 732 n. 7.
A California federal district court has also addressed the constitutional parameters of the SVP Act's jurisdiction. See Johnson v. Nelson, 142 F.Supp.2d 1215 (S.D.Cal.2001). An inmate claimed that California had violated his due process rights because he was not in "lawful custody" at the time the SVP petition was filed. The federal court concluded that due process had not been violated because the state court's interpretation of the Act was narrowly tailored to serve a compelling state interest. Id. at 1230. The federal court cited four reasons to support this conclusion. First, California "clearly has a valid compelling interest in protecting its citizens from sexually violent predators and in identifying these individuals prior to their release from custody so that they may be subjected to civil commitment proceedings." Id. Second, the state court's interpretation of the statute as requiring only custody and not lawful custody is "narrowly tailored to achieve that interest" as it "applies the statute only to those individuals who are currently incarcerated and does not broaden its scope to individuals who have been released from custody." Id. Third, "the appellate court's interpretation furthers [the] compelling state interest" because the dual purposes of public protection and treatment for the dangerous mentally ill would not be advanced by treating the unlawful custody as a jurisdictional barrier to a commitment petition under the Act. Id. Fourth, the state court's interpretation only protects jurisdiction over an inmate when the error that kept "the inmate incarcerated was due to a mistake of law"; custody under the SVP Act would not exist if the State had acted *176 negligently or intentionally to keep the inmate incarcerated in order to retain jurisdiction in the SVP case. Id. Finally, the federal court concluded that the California SVP Act, which is nearly identical to the statute upheld by the United States Supreme Court in Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), provided "sufficient procedural due process protections." Id. The court noted that the inmate "had an opportunity to challenge every aspect of his commitment under the `proper procedures and evidentiary standards' contained in the California SVP Act as required by Hendricks." Id. (quoting Hendricks, 521 U.S. at 357, 117 S.Ct. 2072). See also People v. Hubbart, 88 Cal.App.4th 1202, 106 Cal.Rptr.2d 490, 510-11 (2001) (finding no due process or equal protection violation where inmate was in custody based on improper revocation of parole which resulted from mistake of law and not from negligence or intentional wrongdoing by State).
The instant case presents the same scenario. At the time that the State sought to commit Atkinson under the Ryce Act as a sexually violent predator, he was in actual custody. Neither negligent nor intentional wrongdoing by the State resulted in Atkinson's continued detention. His original guideline sentence was authorized by statute, but had to be recalculated when the 1995 sentencing guidelines were invalidated by this Court's conclusion that the Crime Control Act of 1995, which established the guidelines, violated the single subject requirement. See Heggs v. State, 759 So.2d 620 (Fla.2000). Further, this Court's decision in Heggs, finding the guidelines to be unconstitutional and requiring individuals such as Atkinson to be resentenced under the previous guidelines, was not issued until 2000, after the Ryce Act took effect. Thus, the error that kept Atkinson incarcerated when the Ryce Act became effective was due to a mistake of law and not the State's negligent or intentional wrongdoing. Additionally, Atkinson's release would not serve the State's compelling interest in identifying, confining, and treating these persons who pose a danger to the health and safety of others. Finally, the Ryce Act provides procedural safeguards very similar to those that the district court found sufficiently protective of the inmate's due process rights in Johnson. See §§ 394.915, 394.916, Fla. Stat. (2001).
I am also persuaded that the California interpretation is the correct result when I look at this Court's long-recognized "distinction between judgments that are void and those that are voidable" State v. King, 426 So.2d 12, 14 (Fla.1982). "If the court has acquired jurisdiction of the subject-matter and of the parties, the judgment or decree entered is binding, even though erroneous because of irregularity of procedure, and such judgment or decree will not be set aside, reversed, or modified, except by appropriate direct appellate procedure." Malone v. Meres, 91 Fla. 709, 720, 109 So. 677, 682 (1926). If a court has jurisdiction of the subject matter and of the parties, the proceeding is not a nullity and the judgment is not void. King. The custody requirement in section 394.925 falls outside the categories of subject matter and personal jurisdiction that would result in a void judgment. Thus, I do not believe that a mistake of law which results in unlawful custody should be a jurisdictional barrier to the filing of an SVP petition.
Finally, I do not agree with the majority's conclusion that Atkinson was not in lawful custody on the effective date of the Ryce Act. The process of law resulted in Atkinson's conviction and sentencing under the existing sentencing guidelines. Thus, he was lawfully held at the time the Ryce Act took effect on January 1, 1999, and *177 was only entitled to an earlier release date after he became subject to the Ryce Act. I do not see how this could be labeled "unfair" under any objective standard.
Thus, I would interpret section 394.925 as only requiring actual custody on the date the Act took effect. Under this interpretation, a subsequent judicial or administrative finding that custody should have terminated on an earlier date would not disturb an inmate's good faith custodial status at the time the petition was filed, provided the custody was the not the result of negligent or intentional wrongdoing by the State.
However, I believe that a valid conviction for a qualifying "sexually violent offense" is a jurisdictional prerequisite under the Ryce Act because there is an integral and continuing relation between conviction and commitment under the statutory scheme. Cf. In re Bevill, 68 Cal.2d 854, 69 Cal.Rptr. 599, 442 P.2d 679 (1968) (finding an inmate's commitment as a mentally disordered sex offender to be invalid because the portion of the statute under which he had been convicted was later declared unconstitutional). The continued commitment of an individual who has been exonerated of the underlying sexually violent offense, either because the statute defining the qualifying offense was ruled unconstitutional or because the inmate was exonerated by new evidence, would not serve to protect the public and thus would not further the purpose of the Ryce Act. Accordingly, continued commitment under such circumstances would fail the federal due process analysis outlined in Johnson. See 142 F.Supp.2d at 1230.
For all of these reasons, I would answer the certified question in the affirmative, finding that the Ryce Act requires only good faith actual custody of the individual against whom a commitment petition is filed. Furthermore, in order to comport with due process guarantees, I would interpret the qualifying sexually violent offense conviction requirement in section 394.925 as a jurisdictional prerequisite. Accordingly, where a sexually violent offense conviction is subsequently invalidated or overturned, I would find the Ryce Act commitment to be invalid.
SHAW and WELLS, JJ., concur.
NOTES
[1] See §§ 394.910-.930, Fla. Stat. (2000). As enacted in 1998, the Ryce Act appeared in chapter 916, which is entitled "Mentally Deficient and Mentally Ill Defendants." See §§ 916.31-916.49, Fla. Stat. (Supp.1998); ch. 98-64, at §§ 3-22, 447-55, Laws of Fla. After the Ryce Act went into effect on January 1, 1999, it was transferred to chapter 394, which is entitled "Mental Health." See ch. 99-222, §§ 1, 3-24, at 1373-87, Laws of Fla.
[2] In Heggs, this Court concluded that the Crime Control Act of 1995 was unconstitutional because it violated the single subject requirement; consequently, the 1995 sentencing guidelines were invalidated and individuals sentenced under those guidelines were entitled to resentencing under the previous guidelines.
[3] The Ryce Act was amended and renumbered effective May 26, 1999. Section 916.45, the predecessor statute addressed by the district court below, now appears at section 394.925. The two statutes are substantively identical. The section further provides that the Act applies to "all persons convicted of a sexually violent offense and sentenced to total confinement in the future." We do not address this language, as it clearly does not apply to Atkinson.
[4] Atkinson also argues that the State illegally detained him for fourteen days beyond the expiration of his sentence in order to file a commitment petition against him. On appeal, the district court declined to address this claim, finding that it had not been properly raised because Atkinson argued it for the first time in his reply brief and because the claim was mooted by the court's resolution of Atkinson's other claim. See Atkinson, 791 So.2d at 539. We similarly find the claim moot in light of our resolution of this case and decline to address it in our review of this case.