COPE, J.
(specially concurring).
I agree that defendant-appellant Washington is not entitled to immediate release. However, my reasoning differs from that of the majority.
I.
The defendant has appealed an order denying his motion to dismiss the State’s petition for civil commitment under the Jimmy Ryce Act, §§ 394.910-.931, Fla. Stat. (2000); see ch. 98-64, § 1, Laws of Fla., and his motion for immediate release from custody. Although no one has raised the point, neither of these orders is appeal-able.
To the extent that the defendant claims entitlement to Immediate release from custody, this proceeding is properly cognizable as a petition for writ of habeas corpus. To the extent that the defendant is arguing that the trial court is without jurisdiction, the proceeding is cognizable as a petition for writ of prohibition. See State v. Atkinson, 831 So.2d 172, 173 (Fla.2002).
II.
A.
The defendant bases his claim for relief on State v. Atkinson, 831 So.2d at 174. *726 That case, like this one, involved the Jimmy Ryce Act.
Atkinson was an inmate in the prison system when the Jimmy Ryce Act went into effect on January 1, 1999. By its terms, the Act applied to all inmates in lawful custody on or after January 1, 1999, who fit within the definitions of the statute. Atkinson, 831 So.2d at 173.
In 2000, Atkinson was granted resen-tencing under Heggs v. State, 759 So.2d 620 (Fla.2000). Atkinson had been sentenced under the 1995 sentencing guidelines, which Heggs had declared unconstitutional. Atkinson, 831 So.2d at 173 & n. 2. On May 25, 2000, Atkinson was resen-tenced to twenty-one months, nunc pro tunc. The effect of the resentencing order was that Atkinson’s prison term had already expired by June 25, 1998 — which was a date prior to the effective date of the Jimmy Ryce Act. Atkinson, 831 So.2d at 173. Two weeks after the resentencing— and even though the sentence had by its terms expired — the State filed a petition for Atkinson’s commitment under the Jimmy Ryce Act. 831 So.2d at 173. The Florida Supreme Court held that “the Ryce Act is limited to persons who were in lawful custody on its effective date.” 831 So.2d at 174. Since as a result of the resentenc-ing the defendant’s sentence expired prior to the effective date of the Jimmy Ryce Act, the defendant was granted immediate release.
B.
The defendant in this case argues that Atkinson should be extended to apply to him. Unlike Atkinson, this defendant was in lawful custody on January 1, 1999, which was the effective date of the Jimmy Ryce Act. Relying on language contained in Atkinson, however, the defendant urges that he was not “in lawful custody,” 831 So.2d at 174, at the time the State filed the civil commitment petition.
The defendant’s analysis is the following. The defendant’s sentence was scheduled to expire on December 30, 2000. On December 27, 2000, the State filed a petition for civil commitment under the Jimmy Ryce Act. Counsel was appointed for him in that proceeding.
In 2001, the defense filed a motion to dismiss and motion for immediate release. The defense argued that while the defendant was in the Department of Corrections he was not given credit for nineteen days of time he had served in jail.[1] The defendant argues that once he is given credit for the additional nineteen days, his corrected prison sentence actually expired on December 11, 2000 — which was before the State filed its petition for civil commitment. Under the defense analysis, while the defendant was still in the actual custody of the Department of Corrections on December 27 (when the petition for civil commitment was filed), the custody was not “lawful.” According to defendant, this means that the State’s petition was untimely and that he must be discharged immediately.
C.
The majority opinion indicates that the question of credit for time served cannot be raised in a proceeding under the Jimmy Ryce Act. The Fifth District has taken that view, see State v. Rompre, 837 So.2d 453, 456 (Fla. 5th DCA 2002), but I do not think we should stand on such ceremony.[2] *727 Either the defendant is entitled to release or he is not. Further, in this particular ease, the defendant already attempted to have the criminal division judge grant him retroactive credit for time served, only to have that motion be denied as moot. Where a defendant is truly entitled to immediate release, he should be given an effective remedy.[3]
D.
On the merits, however, I agree that the defendant is not entitled to immediate release. That is so because the provisions of section 394.9135, Florida Statutes (2000), apply to him and render the civil commitment petition timely.
The legislature in 1999 amended the Jimmy Ryce Act to provide a procedure to be followed where a defendant’s anticipated release from confinement “becomes immediate for any reason-” Id. § 394.9135(1) (emphasis added); eh. 99-222, § 7, Laws of Fla.
Under the statute, the Department of Corrections is required to identify inmates who qualify for the Jimmy Ryce Act one year in advance of the anticipated date of release. § 394.913(1), Fla. Stat. Such inmates are referred to the multidisciplinary team for evaluation, which then makes a recommendation whether civil commitment proceedings should be initiated. Id.
Section 394.9135 establishes the procedure where the anticipated release of an inmate becomes immediate for any reason. Id. § 394.9135(1). The classic example of such a release would be in a situation in which the defendant has been resentenced to a shorter sentence, or has been granted additional credit for time served.
Under section 394.9135, where an inmate meets the statutory definition but is granted immediate release, the inmate is to be transferred to a secure facility operated by the Department of Child and Family Services. Id. § 394.9135(1). There is a seventy-two hour period of evaluation, followed by a forty-eight hour period in which the state attorney makes a decision whether to file a civil commitment petition. Id. § 394.9135(2)-(3). If a petition is filed and the judge determines that there is probable cause to believe that the person is a sexually violent predator under the statutory definition, then the person will be held in an appropriate secure facility for further proceedings under the Act. Id. § 394.9135(3). The time limits of section 394.9135 are not jurisdictional, and a release of an individual from custody does not prevent the State from instituting proceedings under the Act. Id. § 394.9135(4).[4]
For present purposes I will assume that granting the defendant’s belated (i.e., post-release) motion for 19 additional days of credit for time served could be viewed as rendering the defendant’s custody “unlawful” on December 27, 2000 — which is the date on which the State filed the civil commitment petition. Even if it could be said that the defendant’s custody was unlawful on that date, the defendant would not be entitled to immediate release. That *728 is so because whenever a release becomes “immediate,” section .394.9135 mandates a transfer- to the Department of Children and Family Services for evaluation and a determination whether to file a petition. In this case, an evaluation has long since been- completed, a petition has already been filed, the transfer has occurred, and a probable cause determination has already been made. The defendant thus remains in lawful custody under section 394.9135.[5]
m.
Regarding the defendant’s effort to obtain an additional nineteen days of credit for time served, it is clear that the defendant is entitled to such credit for a reason entirely independent of Jimmy Ryce Act. This defendant has a split sentence of incarceration followed by five years of probation.. Upon granting the credit for nineteen days additional time served, this will shorten by nineteen days the probationary period of the split sentence.
As I understand the majority opinion, the denial of relief in this proceeding is without prejudice to the defendant to reapply for the additional credit for time served by proper motion in the criminal division of the circuit court. It would be more efficient to reach that claim now. However, since the defendant is not entitled to immediate release even if the nineteen days of additional credit is granted, I acknowledge that the majority opinion does allow the defendant the remedy of refiling this claim in the criminal division.
IV.
For the stated reasons, I concur in denying immediate release to the defendant.

. The State does not dispute that the defendant was entitled to the nineteen days of additional credit.

. I acknowledge that in an earlier petition for writ of habeas corpus involving this defendant, a panel of this court denied the petition without prejudice to proceedings in the crimi *727 nal division of the circuit court on the defendant's motion to correct illegal sentence. See Washington v. Moore, 804 So.2d 1284, 1285 (Fla. 3d DCA 2002). Although the panel did not cite Rompre, it may be that the panel had that procedure in mind.

. That is the holding of the case cited by the majority opinion, Tangnay v. State, 782 So.2d 419, 420 (Fla. 2d DCA 2001), review granted, 821 So.2d 302 (Fla.2002), which ordered a release from custody while the civil commitment petition was being adjudicated.

. Although not necessary to resolve in this case, there is controversy about the scope and proper interpretation of subsection (4). See Gordon v. Regier, 839 So.2d 715, 719 (Fla. 2d DCA 2003).

. Since the statute is dispositive, it is not necessary to address whether Atkinson's analysis of "lawful custody” can properly be extended to apply to this defendant.