SILBERMAN, Judge.
Leo Fitzpatrick appeals his prison re-leasee reoffender sentence for robbery. *616 He contends that he did not qualify to be sentenced as a prison releasee reoffender because he was not lawfully in custody within three years of the commission of the present offense. Because Fitzpatrick committed a qualifying crime within three years of his release from prison, we affirm his sentence.
Fitzpatrick committed the present offense of robbery on February 15, 2002. He had been released from prison on a prior offense on July 7, 1999. The prior offense occurred in 1988, and in 1989 Fitzpatrick was sentenced to twenty-five years in prison. Fitzpatrick’s release from prison in 1999 was as an “emergency release” under Gomez v. Singletary, 733 So.2d 499 (Fla.1998). Fitzpatrick was entitled to 822 days of administrative gain time because the Gomez court held that inmates must receive prison overcrowding credits in accord with the statutes in effect on the date of their offense. See id. at 505. The court held that to apply later statutes that curtailed an inmate’s receipt of these credits violated the Ex Post Facto Clause of the United States Constitution. Id. at 500.
Fitzpatrick argues that had the 822 days gain time originally been awarded to him, instead of only being credited to him after the Gomez decision, his release date would have been October 31, 1998, more than three years before the current offense. He argues, analogizing to State v. Atkinson, 831 So.2d 172 (Fla.2002), that because he should not have been in custody from October 31, 1998, to July 7, 1999, the trial court should have recognized his “true release date” as October 31,1998.
At issue in Atkinson was the application of the Jimmy Ryce Act, not the Prison Releasee Reoffender Punishment Act (the PRR Act). Atkinson was in custody on the effective date of the Jimmy Ryce Act, January 1, 1999. Atkinson was later resen-tenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), to a nunc pro tunc sentence of twenty-one months, which would have resulted in his release on June 25, 1998. The Florida Supreme Court determined that because Atkinson was not in lawful custody on January 1, 1999, the Jimmy Ryce Act was inapplicable to him. Atkinson, 831 So.2d at 173-74. The court stated that “it would be fundamentally unfair not to give Atkinson the benefit of Heggs by recognizing his operative release date.” Id. at 174.
Fitzpatrick argues that, similarly, he should be given the benefit of Gomez by getting recognition for the “true release date” rather than his actual release date. This argument has some appeal at first glance, especially because the overcrowding credits to which he was entitled under Gomez arise from a constitutional violation under the Ex Post Facto Clause. However, there is a substantial distinction between the Jimmy Ryce Act, which was the legislative enactment that was addressed in Atkinson, and the PRR Act that is involved here.
The Jimmy Ryce Act “ ‘applies to all persons currently in custody who have been convicted of a sexually violent offense.’ ” Id. at 173 (quoting § 394.925, Fla. Stat. (2001)). It is the defendant’s status of being in custody that makes the Jimmy Ryce Act applicable. In contrast, a defendant qualifies for sentencing under the PRR Act if the defendant commits one of the enumerated offenses, which includes the present crime of robbery, “within 3 years after being released from a state correctional facility” or another qualifying institution. § 775.082(9), Fla. Stat. (2001). Thus, it is the fact of the defendant’s release from custody, not his status of being in custody, that is relevant. Fitzpatrick is not being sentenced as a PRR due to a prior unlawful custody; rather, he is being sentenced as a PRR because he committed an enumerated offense within three years of his release date.
*617 The legislative intent behind the PRR Act is to prevent persons released from prison from committing further serious crimes. See Ch. 97-239, Preamble, at 4398, Laws of Fla.; Jones v. State, 861 So.2d 1261, 1263 (Fla. 4th DCA 2003); Turner v. State, 745 So.2d 351, 353 (Fla. 1st DCA 1999), approved, 778 So.2d 974 (Fla.2001). The supreme court reiterated the following in Grant v. State, 770 So.2d 655, 661 (Fla.2000) (quoting Rollinson v. State, 743 So.2d 585, 589 (Fla. 4th DCA 1999), approved, 778 So.2d 971 (Fla.2001)):
The Act’s classification and increased punishment for prison releasee reof-fenders is rationally related to the legitimate state interests of punishing recidivists more severely than first time offenders and protecting the public from repeat criminal offenders. Limiting the Act’s application to re-leasees who commit one of the enumerated felonies within three years of prison release is not irrational.
Because Fitzpatrick committed a qualifying offense during the three-year period following his actual release from prison, he cannot avoid the enhanced sentence for which he qualifies under the PRR Act. The fact that he qualified for an earlier release pursuant to Gomez does not assist him, particularly in light of the legislative intent to prevent a person from committing a qualifying offense for three years after the person’s release from custody and return to society.
For the foregoing reasons, we affirm Fitzpatrick’s sentence for robbery under the PRR Act.
Affirmed.
DAVIS, «I, and THREADGILL, EDWARD F., Senior Judge, concur.