905 So.2d 986 (2005)
Joel Daniel BABIE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1049.
District Court of Appeal of Florida, Third District.
June 29, 2005.
Joel Daniel Babie, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, SHEPHERD and ROTHENBERG, JJ.
PER CURIAM.
Joel Daniel Babie appeals an order denying his motion to correct illegal sentence. *987 Defendant-appellant Babie maintains that his guilty plea was involuntary because he did not understand the consequences of habitualization. That is not a claim which renders a sentence "illegal" for purpose of Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's order, without prejudice to the defendant to refile those claims by motion under Florida Rule of Criminal Procedure 3.850. Based on the defendant's assertion that the plea was entered into in September of 2003, the time limit for filing a Rule 3.850 motion has not yet expired. See Fla. R.Crim. P. 3.850(b). We express no opinion on the merits of any such motion.
The defendant also argues that his sentence is illegal because he received three-year concurrent terms for possession of a firearm as well as being sentenced as an HVFO. He claims that being sentenced under both statutory provisions is "illegal" as a double jeopardy violation. That argument is without merit. See § 775.087(2)(c), Fla. Stat. (2001) ("If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084 [the habitual offender statute] Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.").
Affirmed.