973 So.2d 658 (2008)
Edward PRIDE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1219.
District Court of Appeal of Florida, Third District.
February 6, 2008.
Edward Pride, in proper person.
Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, SUAREZ, and CORTIÑAS, JJ.
PER CURIAM.
This is an appeal of orders denying postconviction motions under Florida Rule of Criminal Procedure 3.800(a) and 3.850. We affirm in part and reverse in part.
Defendant-appellant Pride is in custody under the Jimmy Ryce Act. In his Rule 3.800(a) motion, the defendant seeks to bring himself under the rule in State v. Atkinson, 831 So.2d 172 (Fla.2002). In Atkinson, the defendant was allowed to *659 demonstrate that under a properly corrected sentence, the sentence would have expired prior to the effective date of the Jimmy Ryce Act. Id. at 174. In the present case, the defendant maintains that under a properly calculated scoresheet, his sentence likewise would have expired prior to the effective date of the Act.
In his Rule 3.800(a) motion, the defendant alleges that there was an incorrect calculation made in his sentencing guidelines scoresheet. The scoresheet included points for legal constraint on the theory that the defendant was on probation in another case at the time of the probation violation in this case. In the trial court, the State conceded that those points should not have been scored. If those points are eliminated, then the defendant drops into a lower guidelines cell.
The State contended, however, that it had located several additional prior convictions for this defendant which, if added to the scoresheet, resulted in a higher score than the original one. Defense counsel argued that the additional offenses were not storable and had not been shown to belong to this defendant. While the trial court apparently was shown the State's recalculated scoresheet and certified copies of the convictions, those were not made part of the record below and are not part of the postconviction record now before us.
On appeal from the summary denial of a rule 3.800(a) motion, this court must reverse unless the postconviction record shows conclusively that the appellant is not entitled to any relief. See Fla. R.App. P. 9.141(b)(2)(A), (D). Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings solely on the claim of scoresheet error. If the trial court again enters an order summarily denying the postconviction motion, the court must attach record excerpts conclusively showing that the appellant is not entitled to any relief. In this case that may include the State's recalculated scoresheet, if approved by the trial court, plus the supporting documentation regarding the additional convictions.
In the Rule 3.800(a) motion, the defen dant also attempted to raise the claim that his plea was involuntary. We entirely agree with the trial court that such a claim, is not cognizable in a rule 3.800(a) motion. See Babie v. State, 905 So.2d 986 (Fla. 3d DCA 2005).
The trial court denied the Rule 3.850 motion as being untimely. We agree with the trial court that the motion was untimely and that no exception to the time limit was applicable.
Affirmed in part, reversed in part, and remanded for further proceedings consis tent herewith.