CANADY, J.,
dissenting.
I conclude that the plain language of the Involuntary Civil Commitment of Sexually Violent Predators Act, sections 394.910-.932, Florida Statutes (2005), known as the Jimmy Ryce Act, permits the initiation of proceedings against Larry Phillips and that no constitutional ground has been established to preclude application of the Act to Phillips. I therefore dissent from the majority’s decision to foreclose Phillips’ commitment as a sexually violent predator.
The foundation for the majority’s decision was laid in State v. Atkinson, 831 So.2d 172, 174 (Fla.2002), where the Court held that “the Ryce Act is limited to persons who were in lawful custody on its effective date.” Rejecting the plain meaning of the statutory text, the Atkinson Court read into the statute a requirement of “lawful custody” — as distinct from actual custody — on the ground that giving effect to the plain meaning of the text “would result in unreasonable, harsh, or absurd consequences” and “would be contrary to the basic tenets of fairness and due process.” Id. at 174. Justice Harding explained the deficiencies in the Court’s decision: “Neither the majority nor the district court explains what the ‘unreasonable, harsh, or absurd consequences’ would be if the statute is interpreted as requiring only actual custody. Furthermore, neither the district court below nor the majority cites any authority to support this interpretation of the ‘in custody’ requirement.” Id. at 174 (Harding, J., dissenting).
As Justice Harding pointed out, the majority’s pronouncement was at odds with the interpretation of a California statute with a similar “in custody” provision adopted by “five California appellate courts[, which] concluded that the custody requirement in California’s Sexually Violent Predator (SVP) Act requires only actual custody, not lawful custody.” Id. (citing People v. Jones, No. C034587, 2001 WL 1480301 (Cal. 3rd Ct.App. Nov. 21, 2001); People v. Hubbart, 88 Cal.App.4th 1202, 106 Cal.Rptr.2d 490 (2001); People v. Wakefield, 81 Cal.App.4th 893, 97 Cal.Rptr.2d 221 (2000); People v. Hedge, 72 Cal.App.4th 1466, 86 Cal.Rptr.2d 52 (1999); People v. Superior Court, 68 Cal.App.4th 1383, 81 Cal.Rptr.2d 189 (1999); Garcetti v. Superior Court, 68 Cal.App.4th 1105, 80 Cal.Rptr.2d 724 (1998)). Three of these decisions — Hedge, Superior Court, and Garcetti — were decided before the California Legislature revised the SVP Act to clarify that “unlawful custody” is not a jurisdictional bar where the unlawful custody is the result of a good faith mistake of fact or law. See 1999 Cal. Legis. Serv. Chap. 136 (S.B. No. 11) (West) (filed July 22, 1999). Furthermore, Justice Harding pointed to a federal district court decision, Johnson v. Nelson, 142 F.Supp.2d 1215 (S.D.Cal.2001), which rejected an inmate’s habeas claim that California had violated his due process rights because he was not in lawful custody at the time the SVP petition was filed. Subsequently, in Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir.2004), the United States Court of Appeals for the Ninth Circuit affirmed the denial of habeas relief sought by a person committed as a sexually violent predator in proceedings initiated when the petitioner was illegally detained for psychiatric treatment. The Ninth Circuit “deferred] to the state court, which held that ‘there is no due process violation where the person was not in lawful custody at the time the petition was filed ... [provided that] custody ... resulted] from a good faith error rather than negligent or intentional wrongdoing.’ ” Id. at 780 (first alteration added) (quoting Hubbart, 106 Cal.Rptr.2d at 510-11). These cases provide persuasive support for Justice Harding’s position that the Atkinson majority’s “lawful custody” requirement — which does not allow a Jimmy *1247 Ryce proceeding to be initiated when a defendant is in actual custody as a result of a good faith error — is not mandated by due process and “undermines the dual purposes of the Ryce Act, namely protecting the public and ensuring treatment to the dangerously mentally ill.” Atkinson, 831 So.2d at 174 (Harding, J., dissenting).
And Justice Harding’s position is supported by the basic framework the United States Supreme Court has established for evaluating whether civil commitment statutes satisfy the requirements of substantive due process. In upholding the Kansas Sexually Violent Predator Act against a substantive due process challenge, the Supreme Court in Kansas v. Hendricks, 521 U.S. 346, 357, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), recognized that historically “[sjtates have in certain narrow circumstances provided for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety.” The Supreme Court has
“consistently upheld such involuntary commitment statutes when” (1) “the confinement takes place pursuant to proper procedures and evidentiary standards,” (2) there is a finding of “dangerousness either to one’s self or to others,” and (3) proof of dangerousness is “coupled ... with the proof of some additional factor, such as a ‘mental illness’ or ‘mental abnormality’ ”... “that makes it difficult, if not impossible, for the person to control his dangerous behavior.”
Kansas v. Crane, 534 U.S. 407, 409-410, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002) (quoting Hendricks, 521 U.S. at 357-58, 117 S.Ct. 2072). Nothing in this framework suggests that a person has a due process right to be free from commitment simply because the commitment process is initiated at a time when the person is in custody due to a legal error. Indeed, the Supreme Court’s analysis of the due process issue did not focus on the requirement of the Kansas statute that a person subjected to commitment proceedings be a “presently confined person who ... is scheduled for release.” Hendricks, 521 U.S. at 352, 117 S.Ct. 2072.
I would recede from the unreasoned pronouncement contained in Atkinson, as well as the application of that pronouncement in Larimore v. State, 2 So.3d 101 (Fla.2009). The judicially imposed lawful custody requirement is “based on a serious interpretive error, which resulted in imposing a meaning on the statute that is ‘unsound in principle.’ ” Brown v. Nagelhout, 84 So.3d 304, 310 (Fla.2012) (quoting Allied-Signal, Inc. v. Director, Div. of Taxation, 504 U.S. 768, 783, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992)). The circumstances present in this context present especially compelling grounds for receding from our unsound precedent. Atkinson and Larimore unjustifiably foreclose application of the Jimmy Ryce Act in circumstances manifestly within the contemplation of the Legislature. See § 394.9135(1), Fla. Stat. (2005) (“If the anticipated release from total confinement of a person who has been convicted of a sexually violent offense becomes immediate for any reason, the agency with jurisdiction shall upon immediate release from total confinement transfer that person to the custody of the Department of Children and Family Services to be held in an appropriate secure facility.”) (emphasis added). As the majority concedes, “the Legislature expressly used the term ‘custody1 and not ‘lawful custody4 in the applicability provision” of the Jimmy Ryce Act. Majority op. at 1237. See § 394.925, Fla. Stat. (2005) (“This part applies to all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in s. 394.912(9), as well as to all persons convicted of a sexually violent of *1248 fense and sentenced to total confinement in the future.”).
Judge Altenbernd observed that “Phillips should not be allowed to deprive the Department of Children and Family Services of jurisdiction over him by his own decision to forego an appeal and to delay a postconviction motion so that, on recalculation, his sentence expired before , the un-preserved error was corrected.” In re Commitment of Phillips, 69 So.3d 951, 957 (Fla. 2d DCA 2010) (Altenbernd, J., concurring in part and dissenting in part). Whether or not Phillips made a calculated choice to game the system, he has certainly pointed the way for other offenders who are facing the prospect of commitment pursuant to the Jimmy Ryce Act. The majority’s decision makes clear that such offenders have every incentive to avoid the correction of any error that extends the period of their confinement until they are no longer in “lawful custody.”
This is not the way our system of justice should work. The unfortunate consequence is that certain sexually violent predators — persons who are highly likely to commit repeat acts of predatory sexual violence' — are unjustifiably immune from commitment under the Jimmy Ryce Act.
POLSTON, C.J., concurs.