IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ENRIQUE DIAZ,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

v.

CASE NO. 1D16-3037

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

Respondent.

_____/

Opinion filed March 3, 2017.

Petition for Writ of Certiorari -- Original Jurisdiction.

Enrique Diaz, pro se, Petitioner.

Kenneth S. Steely, General Counsel, and Barbara Debelius, Assistant General Counsel,
Florida Department of Corrections, Tallahassee, for Respondent.

PER CURIAM.

Enrique Diaz is serving multiple life sentences for offenses occurring prior to
June 15, 1983. The circuit court denied his petition for writ of mandamus by which he
sought to compel the Department of Corrections to apply gain-time to those sentences.
He now seeks certiorari review, and finding no departure from the essential
requirements of law in that determination, we deny the petition.

The version of section 944.275, Florida Statutes, in effect at the time of petitioner's offenses called for the Department to deduct gain-time from the sentence of "every prisoner" meeting eligibility requirements, and it was only subsequent to June 15, 1983, that the statute was amended to expressly apply only to prisoners "sentenced to a term of years." Diaz therefore argues that he is entitled to have gain-time applied to his life sentences. We agree, however, with the conclusion of the Fourth District Court of Appeal in Tal-Mason v. State, 700 So. 2d 453 (Fla. 4th DCA 1997), that while prior versions of the gain-time statutes lack the "immediate clarity" of the present one, the meaning is the same. Id. at 456.

As it is commonly defined, to "deduct" means to subtract or take away an amount from a total. The mathematical operation of subtraction involves the deduction of a *subtrahend*, the amount being taken away, from the *minuend*, the total. The result is the *difference* between the two. In this context, the specific operation consists of the deduction of gain-time (the subtrahend) from the term of the inmate's sentence (the minuend), and the resulting difference is what the statute refers to as the inmate's "tentative release date." See § 944.275(3)(a), Fla. Stat. (2016).

By its nature, however, a life sentence is not a determinate number of years. Because the term of a life sentence is not quantifiable in numerical terms, there is no known minuend from which to deduct gain-time. A basic tenet of statutory construction compels a court to interpret a statute so as to avoid an unreasonable or

absurd result. See State v. Atkinson, 831 So. 2d 172 (Fla. 2002); Thompson v. State, 695 So. 2d 691 (Fla. 1997). Applying the construction of the statute urged by petitioner and thereby compelling the Department of Corrections to deduct gain-time from a life sentence would clearly result in the sort of absurdity the court is constrained to eschew. Accordingly, because it is impossible for the statute to operate as the petitioner contends it should be construed, neither this court nor the Department have any obligation to construe it in that manner.

While the Department maintains a record of gain-time that would otherwise have been awarded to petitioner in order to allow its application in the event his life sentences are reduced to a quantifiable term of years, it is under no ministerial duty to apply or deduct that gain-time from petitioner's sentences unless and until that contingency comes to pass. The petition for writ of certiorari is therefore DENIED on the merits.

ROBERTS, C.J., WOLF and B.L. THOMAS, JJ., CONCUR.