# Third District Court of Appeal
## State of Florida

Opinion filed February 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1590
Lower Tribunal No. 03-16995
_____

**Pablo Diaz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Pablo Diaz, in proper person.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, C.J., and FERNANDEZ, and MILLER, JJ.

MILLER, J.

Pablo Diaz appeals the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Notwithstanding the facial insufficiency of the motion, in the proceedings below, the State timely filed written notice of its intent to seek enhanced sentencing under section 775.082, Florida Statutes (2003), and, after a jury returned a verdict of guilty, a sentencing hearing was convened where the preponderance of the evidence established Diaz had been released from prison for his manslaughter conviction within three years of committing the qualifying offenses of aggravated battery and armed kidnapping. See Fla. R. Crim. P. 3.800(a)(1); § 775.082(9)(a)(1)(i), Fla. Stat.; § 775.082(9)(a)(1)(k), Fla. Stat.; § 775.087(2)(a)(1)(f), Fla. Stat.; § 775.087(2)(a)(1)(g), Fla. Stat.; Fitzpatrick v. State, 868 So. 2d 615, 616 (Fla. 2d DCA 2004) ("[A] defendant qualifies for sentencing under the P[risoner] R[eleasee] R[eoffender Punishment] Act if the defendant commits one of the enumerated offenses, . . . 'within [three] years after being released from a state correctional facility' or another qualifying institution.") (citation omitted). Consequently, the trial court properly imposed the minimum mandatory sentences Diaz challenged by way of his motion.[1] See Foulks v. State, 306 So. 3d 1178, 1182 (Fla. 3d

---

[1] We summarily reject the contention that the State was required to allege Diaz qualified for enhanced sentencing in the charging document.

DCA 2020) ("Imposing a PRR sentence is mandatory once the State proves that the defendant qualifies.") (citation omitted).  Hence, we discern no error and affirm.

Affirmed.