772 So.2d 555 (2000)
The STATE of Florida, Appellant,
v.
Joseph SIDDAL, Appellee.
No. 3D00-449.
District Court of Appeal of Florida, Third District.
October 4, 2000.
*556 Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for appellee.
Before GERSTEN and RAMIREZ, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
The State appeals the dismissal of its petition for involuntary civil commitment of defendant, Joseph E. Siddal, as a Sexually Violent Predator. Siddal was adjudicated guilty of lewd or lascivious assault on May 9, 1995. On May 18, 1999, the State Attorney filed a Petition for Civil Commitment under the "Involuntary Civil Commitment of Sexually Violent Predators" Act, pursuant to 916.31 et seq. of the Florida Statutes. Section 916.45 Florida Statutes(Supp.1998)[1] provides:
Sections 916.31-916.49 apply to all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in statute 916.32(8), as well as to all persons convicted of a sexually violent offense in the future.
The trial court found that Siddal was on probation on January 1, 1999, the effective date of the act. The court rejected the State's argument that the term "custody" should include persons on probation. As well as finding that Siddal was not in custody on the effective date of the Act, the court found that Siddal had not been convicted for committing any sexually violent offense, or any other offense, since his May 9, 1995 conviction. Thus, the court decided, section 916.45 did not apply to Siddal. We agree.
The American Heritage Dictionary of the English Language 357 (2d college ed.1982) defines the word custody as:
1. The act or right of guarding, esp. such a right granted by a court. 2. The state of being detained or held under guard, esp. by the police.
We conclude that, especially considering the serious consequences of the statutory section at issue, the liberal reading of the term advocated by the state is not supported by the terminology employed or the section's legislative history. Also, we find unpersuasive the state's reliance on State v. Bolyea, 520 So.2d 562, 563 (Fla.1988). While it is true that in Bolyea the Supreme Court concluded the term "custody under sentence" included court ordered probation, this conclusion was clearly for the limited purpose of permitting probationers to seek post conviction relief, a very different issue than the question before us.
Accordingly, the order under review is affirmed.
NOTES
[1] Section 916.45 was renumbered as 394.925 and amended by Laws of Florida 1999, chapter 99-222, section 20, effective May 26, 1999 and now reads:

This part applies to all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in s. 394.912(9), as well as to all persons convicted of a sexually violent offense and sentenced to total confinement in the future.