823 So.2d 159 (2002)
Christopher LEE, Petitioner/Appellant,
v.
Kirsten Lee CAMPION, Respondent/Appellee.
Nos. 4D02-586, 4D02-637.
District Court of Appeal of Florida, Fourth District.
June 19, 2002.
Rehearing Denied August 1, 2002.
Holly Gayle Gershon, and Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for petitioner/appellant.
Kristin A. West of Law Offices of Kristin A. West, P.A., Fort Lauderdale, for respondent/ appellee.
PER CURIAM.
Christopher Lee, Petitioner, filed a petition for writ of prohibition/certiorari, and an appeal, both of which sought review of the same order denying his motion to dismiss for lack of subject matter and personal jurisdiction. We grant the petition for writ of prohibition, and dismiss the appeal and balance of the petition as moot.
We have jurisdiction to entertain the petition for writ of prohibition. See Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992). Petitioner contends that the trial court lacks subject matter jurisdiction over a paternity and child custody action filed against him. He asserts that he, the mother, and the child all reside in England. Section 61.1308, Florida Statutes, is applicable in determining subject matter jurisdiction in a child custody proceeding. At the hearing on the motion to dismiss, the Respondent conceded that the court did not have subject matter jurisdiction pursuant to section 61.1308(1)(a) through (1)(c). The Respondent argued that subsection (1)(d) applied. That subsection provides that a court of this state may exercise jurisdiction over a child custody matter if "[i]t appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and ... [i]t is in the best interest of the child that a court of this state assume jurisdiction." However, no evidence was admitted during the hearing establishing that subsection (1)(d) applied. Thus, the trial court erred in denying the motion to dismiss for lack of subject matter jurisdiction. The order denying the motion to dismiss is quashed and this opinion shall serve as the writ prohibiting the trial court from exercising further jurisdiction in the case other than to enter an order dismissing the paternity/child custody action for lack of subject matter jurisdiction.
POLEN, C.J., FARMER and SHAHOOD, JJ., concur.