846 So.2d 1151 (2003)
Thomas James SIRMONS, Petitioner,
v.
Jerry REGIER, Secretary, Department of Children and Family Services, Respondent.
No. 2D02-4856.
District Court of Appeal of Florida, Second District.
February 12, 2003.
Rehearing Denied April 10, and May 30, 2003.
Charlie Crist, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Petitioner.
Robert R. Jacobs II, Public Defender, and Richard R. Donnelly, Assistant Public Defender, Cape Coral, for Respondent.
CASANUEVA, Judge.
Thomas Sirmons petitions this court for a writ of certiorari or, in the alternative, a *1152 writ of prohibition. We treat the petition as one for a writ of prohibition. See Gordon v. Regier, 839 So.2d 715 (Fla. 2d DCA 2003).
In his petition, Mr. Sirmons requests that this court issue a writ of prohibition directing the trial court to enter an order dismissing the State's petition for involuntary civil commitment filed pursuant to the Jimmy Ryce Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act (the Act), sections 394.910-.931, Florida Statutes (2001). In his petition, Mr. Sirmons claims that the trial court does not have jurisdiction to proceed with his civil commitment since he was not in custody as defined by the Act when the trial court issued its order of detention.[1] Because Mr. Sirmons was in custody at the time the State filed the petition for involuntary civil commitment, we hold that the trial court does have jurisdiction to proceed, and we deny this portion of the petition with prejudice.
The facts of the case are as follows. On May 24, 2001, the Department of Corrections (DOC), pursuant to section 394.913(1), gave written notice to the multidisciplinary team of the Department of Children and Family Services (DCF) that Mr. Sirmons had been convicted of a sexually violent offense and was due to be released on June 12, 2001.[2] On June 11, 2001, the multidisciplinary team gave written notice pursuant to section 394.913(3)(e) that Mr. Sirmons met the definition of a sexually violent predator and recommended that the state attorney file a petition for his involuntary civil commitment. On June 12 at 4:12 p.m., the office of the state attorney filed a petition for involuntary civil commitment in the circuit court. Sometime after 6 p.m. on June 12, Mr. Sirmons was released from the custody of the DOC. On June 13, the circuit court, pursuant to section 394.915(1), issued an order finding probable cause that Mr. Sirmons was a sexually violent predator and issued a warrant directing that he be held in the custody of the DCF for further proceedings. On June 14, Mr. Sirmons was picked up on the warrant and transferred to DCF custody.
In December 2001, Mr. Sirmons filed a motion to dismiss the petition for involuntary civil commitment on the ground that the trial court had no jurisdiction over him because he was released from DOC custody prior to the filing of the petition. In actuality, Mr. Sirmons was still in custody at the time of the filing of the petition. However, Mr. Sirmons also asserted in his motion to dismiss that the Act may not be applied to those who have been released from DOC custody upon the lawful expiration of their sentence. Mr. Sirmons amplified this argument in the hearing on the motion to dismiss.
In Gordon, we held that "[t]here is no provision in the Act for commencing proceedings against a person under the Act where he or she is not in custody[3] and is, in fact, living in society." 839 So.2d at 719. In the present case, the commitment *1153 proceedings against Mr. Sirmons were clearly commenced while he was still in custody since the petition was filed prior to his release from prison. We further stated in Gordon that "the Act is not applicable to a person who has been released into society but thereafter has been recaptured." Id. This sentence must be read in the context of that case's facts. Once a person has been released from custody upon expiration of his sentence, he is no longer subject to the Act, and the DCF cannot then commence commitment proceedings against him and have him pulled off the street as was the case in Gordon. In the present case, Mr. Sirmons, due to an administrative error, was released from prison after the filing of the petition. Otherwise, he would have been immediately subject to the procedure outlined in section 394.9135. The purpose of the Act is to protect society from "repeat acts of predatory sexual violence" and to provide "long-term care and treatment of sexually violent predators." § 394.910. Bearing this in mind, we hold that the fact that a person is released from custody upon the expiration of his sentencebut after commitment proceedings have been commenceddoes not deprive the state attorney, the DCF, or the trial court of jurisdiction to proceed against him under the Act. We therefore deny the petition.
Petition for writ of prohibition denied.
NORTHCUTT and SALCINES, JJ., Concur.
NOTES
[1] Mr. Sirmons also raised a claim regarding the constitutionality of the trial court's probable cause determination. Because this issue was not raised below, we deny this claim without prejudice to Mr. Sirmons' raising it in the trial court.
[2] The Act states that written notice must be given to the multidisciplinary team and the state attorney at least 365 days prior to the person's release. § 394.913(1). However, this provision is not jurisdictional. § 394.913(3)(e).
[3] For purposes of the Act, Gordon v. Regier, 839 So.2d 715, 719 (Fla. 2d DCA 2003), determined "that the word `custody' is synonymous with `total confinement' and means that the person in question is being held at a secure facility."