880 So.2d 533 (2004)
Travis TANGUAY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-613.
Supreme Court of Florida.
June 24, 2004.
*534 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Richard L. Polin, Senior Assistant Attorney General, Miami, FL, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
WHEN THE STATE UNLAWFULLY DETAINS A PERSON BEYOND THE EXPIRATION OF HIS OR HER SENTENCE IN ORDER TO SEEK CIVIL COMMITMENT PURSUANT TO THE JIMMY RYCE ACT, SHOULD THAT COMMITMENT PETITION BE DISMISSED WITH PREJUDICE?
Tanguay v. State, 782 So.2d 419, 421 (Fla. 2d DCA 2001). We have jurisdiction, see art. V, § 3(b)(4), Fla. Const., and rephrase the question as follows:
WHEN THE STATE UNLAWFULLY DETAINED A PERSON BEYOND THE EXPIRATION OF HIS OR HER SENTENCE IN ORDER TO SEEK CIVIL COMMITMENT PURSUANT TO THE JIMMY RYCE ACT, WHICH WAS IN EFFECT FROM JANUARY 1, 1999, TO JUNE 1, 1999, DID THE CIRCUIT COURT HAVE JURISDICTION TO ADJUDICATE THE PETITION SINCE THE PETITION WAS NOT FILED WHILE THE PETITIONER *535 WAS IN LAWFUL CUSTODY?
We answer the certified question in the affirmative and approve the district court's opinion below. We do specifically point out that we rephrased the question in part to underscore that this case is controlled by the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act (the Act), sections 916.31-.49, Florida Statutes (Supp.1998), prior to its amendment on June 1, 1999.
In 1996, the petitioner Travis Tanguay was committed to the Department of Juvenile Justice (DJJ) for an indeterminate period not exceeding the maximum sentence for which an adult may serve for the petitioner's crime or until the petitioner's nineteenth birthday, whichever first occurred. The petitioner turned nineteen on February 24, 1999. The State detained the petitioner sixteen days beyond the expiration of his sentence so that the State could initiate proceedings under the Act. During the time the petitioner was detained, the multidisciplinary team of the Department of Children and Family Services (DCF) evaluated the petitioner and recommended to the state attorney that the petitioner be classified as a sexually violent predator. See § 916.33, Fla. Stat. (Supp.1998). The state attorney then filed the appropriate commitment petition with the circuit court, alleging that the petitioner was a sexually violent predator subject to commitment under the Act. Id. § 916.34. On May 12, 1999, the circuit court entered an order finding probable cause to declare petitioner a sexually violent predator and ordered the petitioner committed to the DCF pending his commitment trial. Id. § 916.35(1).
The petitioner subsequently filed a motion to dismiss the commitment proceedings, alleging that the circuit court lacked jurisdiction over the proceedings because the petitioner was unlawfully detained beyond the expiration of his sentence. The circuit court stated that the issue before it was whether section 916.45 conferred jurisdiction on the state attorney to file a petition against the petitioner. The petitioner contended in the circuit court that a person must be lawfully in custody at the time the commitment petition is filed. Section 916.45 provided that the Act was applicable to "all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in s. 916.32(8), as well as to all persons convicted of a sexually violent offense in the future."
The circuit court held:
Section 916.45 was clearly included in the act to prevent the retroactive application of the Jimmy Ryce Act to persons who had been released prior to the effective date of the act. Therefore, the state can file a petition against persons who were lawfully in custody as of January 1, 1999 and had been convicted of a sexually violent offense.
[Tanguay] was lawfully in custody as of January 1, 1999, and this Court has determined that probable cause exists that he may be a sexually violent predator. If [Tanguay] had been released, nothing would have prevented the state from filing a petition for commitment against him. Consequently, the state had jurisdiction to file this petition against [Tanguay] on March 12, 1999 whether or not he was in lawful custody. The determination of whether [Tanguay] was unlawfully detained is simply irrelevant.
Having determined that jurisdiction existed over [Tanguay], his motion to dismiss should be denied. *536 State v. Tanguay, No. 99-946, order at 2 (Fla. 10th Cir. Ct. order filed Sept. 8, 1999).
The petitioner appealed the circuit court's order, filing a petition for writ of prohibition in the Second District Court of Appeal to prevent the circuit court from hearing the pending commitment petition. The district court held that the State violated the petitioner's right to due process by detaining him beyond the expiration of his sentence. The court noted, however, that the petitioner had not asserted that he had been prejudiced by the unlawful confinement and therefore declined to find that the State's violation of the petitioner's constitutional rights required dismissal of the commitment petition. The court stated that "the only adequate remedy to address the State's failure to comply with the requirements of the Act or to afford [petitioner] even minimal constitutional protections is to order [petitioner's] release from custody pending his commitment hearing." Tanguay, 782 So.2d at 421. The district court therefore treated the petitioner's petition for writ of prohibition as a petition for mandamus and granted the petition to the extent that it sought the petitioner's release from custody.
The Act provides a civil commitment procedure for the long term treatment of sexually violent predators. The Act was created so that a person classified as a sexually violent predator may be involuntarily committed to the DCF for treatment until the person's mental abnormality or personality disorder has changed and the person is safe to be at large. See Fla. H.R. Comm. on Fam. Law & Child., CS for HB 3327 (1998) Staff Analysis 1 (final May 26, 1998). Because of the constitutional implications related to involuntary commitment, the Legislature provided detailed procedural requirements that the State must follow to proceed under the Act. The procedural requirements relating to the instant case are as follows.
First, the agency with jurisdiction over a person convicted of a sexually violent offense shall give written notice to the multidisciplinary team 180 days or, in the case of an adjudicated committed delinquent, ninety days before the person's anticipated release from total confinement. In the case of a person who has been returned to confinement for no more than ninety days, written notice must be given as soon as practicable following the person's return to confinement. The multidisciplinary team then has forty-five days after receipt of notice to assess whether the person meets the definition of a sexually violent predator who should be subject to commitment and to provide the state attorney with its written assessment and recommendation. § 916.33, Fla. Stat. (Supp.1998). The Legislature expressly provided that the requirements of section 916.33 are not jurisdictional and that failure to comply with these requirements would not prevent the State from proceeding under the Act. Id. § 916.33(1). Therefore, if the State fails to strictly adhere to the provisions of this section (i.e., if the State does not provide the multidisciplinary team with notice precisely within 180 or ninety days, or if the multidisciplinary team fails to provide its recommendation within forty-five days), the State may still proceed against the person.
Following receipt of the multidisciplinary team's assessment, the state attorney may file a petition in the circuit court requesting that the person be declared a sexually violent predator. Id. § 916.34. The circuit court then determines whether probable cause exists to classify the person as a sexually violent predator. If the court determines that probable cause exists, the judge shall direct that the person be taken into custody and held in an appropriate *537 secure facility pending a civil commitment hearing. Id. § 916.35(1).
The State contends that the Act does not require the State to file a commitment petition prior to the expiration of a person's sentence. First, the State argues that because the Act expressly provides that the time limits in which the multidisciplinary team must make its assessment are not jurisdictional, the State does not forfeit its opportunity to proceed under the Act if the State fails to comply with the notice provisions of the Act. Therefore, the State argues, the circuit court does not lose jurisdiction in circumstances such as the instant case, in which the State failed to initiate proceedings against the petitioner before the expiration of his sentence. Second, the State argues that because section 916.34, Florida Statutes,[1] does not expressly provide a time limit within which the State must file the commitment petition, the State is only required to file the petition upon receipt of the multidisciplinary team's assessment whether that be before or after the expiration of the person's sentence.
We agree. There was no "in custody" requirement in the statute conferring jurisdiction in the circuit court which conditioned jurisdiction on the petitioner being "in custody" on the date the petition was filed. To the contrary, section 916.35(1) states, "If the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall direct that the person be taken into custody and held in an appropriate secure facility."
Accordingly, we conclude that the fact that the petitioner was not in lawful custody when the commitment petition was filed does not divest the circuit court of jurisdiction to adjudicate the petition. We expressly hold, however, that although the commitment petition is not dismissed for lack of jurisdiction, the petitioner is not to be prejudiced in proceeding under the Act by reason of the unlawful detention beyond the expiration of his sentence. Therefore, no evidence obtained from the petitioner during the sixteen days that he was detained beyond the expiration of his sentence is to be used during the commitment proceedings. We therefore approve the district court's denial of the motion to dismiss and remand this case for further proceedings in accord with this opinion.
This Court has recently construed the applicability of the Act. In State v. Atkinson, 831 So.2d 172 (Fla.2002), this Court held that the Act is limited to persons who were in lawful custody on the effective date of the Act. However, we agree with the circuit court in this case that the provision which we construed in Atkinson, section 916.45, pertained to the retroactivity of the Act. The petitioner in this case was in lawful custody on January 1, 1999, and therefore, unlike the situation in Atkinson, that provision has no bearing in this case.
It is so ordered.
WELLS, LEWIS, and CANTERO, JJ., concur.
QUINCE, J., concurs in result only.
*538 ANSTEAD, C.J., dissents with an opinion, in which PARIENTE, J., concurs.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, C.J., concurs.
ANSTEAD, C.J., dissenting.
I respectfully dissent because the majority's decision fails to consider the current case law from this Court and the district courts on this issue.
Recently, the Second District Court of Appeal in Gordon v. Regier, 839 So.2d 715 (Fla. 2d DCA 2003), addressed the same issue that is now before this Court. In that case, the district court construed section 394.925, Florida Statutes (1999),[2] which was formerly section 916.45, Florida Statutes (Supp.1998).[3] This section concerns the applicability of the Act. The district court also considered our decision in State v. Atkinson, 831 So.2d 172 (Fla.2002).
In Gordon, the petitioner, Larry Gordon, was convicted of a lewd and lascivious act in the presence of a child under the age of sixteen and was sentenced to fifteen years imprisonment in 1992. In 1998, when the Department of Corrections (DOC) released Gordon from prison on conditional release supervision, Gordon was sent home. Subsequently, Gordon violated his supervision and was returned to the custody of DOC. On April 6, 2000, the parole commission reinstated Gordon's conditional release and again sent him home. The next day, DOC apparently determined to seek Gordon's detention under the Act. DOC contacted DCF, which issued a warrant for Gordon's arrest. On April 8, 2000, Gordon was arrested and held in the county jail. On April 10, a multidisciplinary team, pursuant to section 394.9135, Florida Statutes (1999), recommended to the State that it begin civil commitment proceedings against Gordon under the Act and a petition was filed. Shortly thereafter, Gordon filed a motion to dismiss the State's commitment petition arguing that the Act did not apply to him because he was not in custody at the time the petition was filed. After the trial court denied Gordon's motion, he petitioned for writ of prohibition in the Second District seeking to have the commitment proceedings dismissed. See Gordon, 839 So.2d at 716-17.
In construing section 394.925, the Second District first concluded that the terms "in custody" and "total confinement" were synonymous. The district court next determined that the Act contemplated that the circuit court would make its probable cause determination prior to the expiration of the defendant's criminal sentence. The court noted that in situations where the expiration of a defendant's criminal sentence becomes imminent, section 394.9135 provides that the defendant would be transferred to the custody of DCF and held in a secured facility for a 72-hour period until a determination is made as to whether the defendant is subject to the Act. Because Gordon was not transferred to the custody of DCF in accordance with section 394.9135, but instead was released into society upon his immediate release from DOC custody, the court concluded he was not "in custody" for purposes of the Act.
*539 The court ultimately concluded that under section 394.925, the Act is only applicable to those persons in custody at the time the commitment proceedings are commenced. Accordingly, since Gordon was not in custody at that time the Second District court issued the writ and directed the trial court to dismiss the commitment petition. See Gordon, 839 So.2d at 718-20.
Although Gordon involves the Act as amended in 1999, the statutory language at issue concerning the Act's applicability is virtually the same as the original language in its predecessor, section 916.45. In State v. Atkinson, 831 So.2d 172 (Fla.2002), this Court construed section 916.45 to mean that the Act was applicable to those persons who were in lawful custody at the time the Act became effective. In Gordon, the Second District, in recognizing and applying Atkinson, construed the same language to mean that the Act was applicable to those persons who were in lawful custody at the time commitment proceedings commenced. Thus, taking the Second District's interpretation to its logical conclusion, the Act would not apply to those persons who were not in lawful custody at the time commitment proceedings commenced.
I believe the Second District's interpretation of section 394.925 was correct and can also be applied to section 916.45. Therefore, I conclude that the fact the petitioner was unlawfully detained at the time the commitment proceedings were commenced does divest the circuit court of jurisdiction to adjudicate the petition.[4]
PARIENTE, J., concurs.
PARIENTE, J., dissenting.
I concur in Chief Justice Anstead's dissenting opinion in this case. I write separately to distinguish this case from several cases in which petitions were held to be timely, and to discuss the "safety valve" procedure for detaining individuals beyond completion of sentence that took effect after the expiration of sentence and filing of the petition in this case.
I agree that the petition in this case should be dismissed under the reasoning of Gordon v. Regier, 839 So.2d 715 (Fla. 2d DCA 2003). There the Second District concluded that a defendant who had been lawfully released on conditional release was not in custody when the petition was filed, and thus the State did not have jurisdiction to subsequently proceed against him under the Ryce Act. See id. at 720. The Second District subsequently refused to extend its holding in Gordon to a defendant who was released from prison "due to an administrative error" several hours after the petition for involuntary commitment was filed. See Sirmons v. Regier, 846 So.2d 1151, 1152-53 (Fla. 2d DCA 2003). In Washington v. State, 866 So.2d 725 (Fla. 3d DCA 2004), the Third District affirmed the civil commitment of a defendant who claimed he should have received credit for nineteen days served and therefore was unlawfully detained when the petition was filed. The court held that the trial court had no authority to consider the illegality of the sentence in a civil commitment proceeding, and that the defendant failed to show that the prolonged detention prejudiced his ability to defend against the commitment petition. See id. at 725.
This case is similar to Gordon, in which the defendant had been given conditional release, because Tanguay reached the expiration of his juvenile commitment and should have been released before the civil commitment petition was filed. Unlike the defendant in Sirmons, Tanguay's release *540 date was not the product of an administrative error. Further, unlike Washington, 866 So.2d at 725, there is no question here of "the alleged illegality" of the defendant's continued detention. Tanguay was clearly held without probable cause or any pending commitment petition for sixteen days after his juvenile commitment expired. Therefore, Chief Justice Anstead is correct in analyzing this case under Gordon as an instance in which the petition for involuntary commitment was filed after the defendant was or should have been released from custody.
At the time he became entitled to release with no pending commitment petition, there was no authority to continue to hold Tanguay. Subsequent to both the expiration of his sentence and the filing of the petition in this case, the Legislature enacted section 394.9135, Florida Statutes (1999), to allow the State to transfer a defendant to DCF custody upon entitlement to immediate release and pending the filing of a petition for civil commitment. This provision, discussed in the majority opinion in Gordon, see 839 So.2d at 719, and Judge Cope's specially concurring opinion in Washington, see 866 So.2d at 727, was enacted effective May 26, 1999. See ch. 99-222, §§ 7, 29, Laws of Fla. In this case, Tanguay's juvenile delinquency commitment expired on February 24, 1999, his nineteenth birthday, and the civil commitment petition was filed sixteen days later, more than two months before the effective date of section 394.9135. Moreover, even if the provision had been in effect, the illegal sixteen-day detention exceeded the combined five-day period for assessment and filing of a petition during a detention following entitlement to immediate release from a sentence or juvenile commitment.
Therefore, I conclude that the requirement that the defendant be "in custody" when the petition is filed means lawful custody pursuant to a prison sentence or juvenile commitment, or, for confinements concluding after the May 26, 1999, effective date of section 394.9135, a transfer to DCF custody pending the filing of a petition. Moreover, I conclude that this requirement is jurisdictional in the sense that the Act does not provide for proceedings against persons no longer in lawful custody when the petition was filed. Accordingly, I dissent from the Court's decision allowing the commitment process against Tanguay to proceed.
ANSTEAD, C.J., concurs.
NOTES
[1] Section 916.34, Florida Statutes (Supp.1998), provides:

Following receipt of the written assessment and recommendation from the multidisciplinary team, the state attorney in the judicial circuit where the person committed the sexually violent offense may file a petition with the circuit court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegation.
[2] Section 394.925 reads in pertinent part, "This part applies to all persons currently in custody who have been convicted of a sexually violent offense ... as well as to all persons convicted of a sexually violent offense and sentenced to total confinement in the future."
[3] Section 916.45 reads in pertinent part, "[This act] appl[ies] to all persons currently in custody who have been convicted of a sexually violent offense ... as well as to all persons convicted of a sexually violent offense in the future."
[4] The record indicates that Tanguay was released from DOC custody in 2001.