892 So.2d 1133 (2004)
STATE of Florida, Appellant,
v.
Richard DUCHARME, Appellee.
No. 5D03-3433.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
Rehearing Denied February 8, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellee.
SHARP, W., J.
The state appeals from a final order dismissing with prejudice the state's involuntary civil commitment petition, which was filed pursuant to the "Jimmy Ryce Act," sections 349.910-349.931, Florida Statutes (2000). The lower court concluded that because Ducharme was detained in the county jail three days after being sentenced to "time served" prior to the commencement of the civil commitment proceedings, the court lacked jurisdiction to act on the petition. We disagree and reverse.
The record establishes that Ducharme was convicted of aggravated assault, which was sexually motivated in 1986. He was sentenced to two and one-half years in prison, to be followed by three and one-half years on probation. By 1987, Ducharme had been released from prison, and *1134 while on probation, he relocated to Michigan.
In Michigan, Ducharme was arrested for burglary and sexual assault, to which he pled no contest. He was incarcerated in Michigan from October 27, 1987 through April 24, 2000, for those offenses.
After serving his sentences in Michigan, he was returned to Florida for violation of his probation. At his VOP hearing held June 13, 2000, the court found he had violated his probation and he was sentenced to "time served.".
However, Ducharme was not released immediately. He was detained in the Orange County jail, until the State Attorney notified the Department of Corrections (DOC) of Ducharme's sentence, so that it could calculate when it ended. DOC later determined Ducharme's sentence ended on June 13, 2000, when it was pronounced.
DOC notified the Department of Children and Families (DCF) of Ducharme's imminent release, and DCF requested Ducharme be transferred to the Martin Treatment Center, a facility it supervised and used to evaluate whether persons meet the definition of a sexually violent predator under the Jimmy Ryce Act. Ducharme was transferred to that facility on June 16, 2000, by DOC. Within 72 hours after the transfer, Ducharme was evaluated by a multi-disciplinary team. The assessment took place on June 17 and 18. The team submitted its written assessment and recommendations to the state, within the same 72-hour period. Upon receipt of the report, the state filed an involuntary civil commitment petition, which is stamped as having been filed June 20, 2000, although the judge signed it on June 19, 2000, finding probable cause to detain Ducharme under the Act.
Two years later, Ducharme filed a motion for release and a motion to dismiss for lack of jurisdiction, arguing that the time requirements under the statute had run before the petition was filed because he was unlawfully detained in jail three days before being transferred to the custody of DCF. He relied on State v. Atkinson, 831 So.2d 172 (Fla.2002).
Section 394.9135, Florida Statutes (2000), sets out a detailed procedure which the state must follow under the Act, when release from total confinement of a person to be committed becomes "immediate for any reason." § 394.9135(1), Fla. Stat. (2000). It provides:
394.9135. Immediate releases from total confinement; transfer of person to department; time limitations on assessment, notification, and filing petition to hold in custody; filing petition after release. 
(1) If the anticipated release from total confinement of a person who has been convicted of a sexually violent offense becomes immediate for any reason, the agency with jurisdiction shall upon immediate release from total confinement transfer that person to the custody of the Department of Children and Family Services to be held in an appropriate secure facility.
(2) Within 72 hours after transfer, the multidisciplinary team shall assess whether the person meets the definition of a sexually violent predator. If the multidisciplinary team determines that the person does not meet the definition of a sexually violent predator, that person shall be immediately released. If the multidisciplinary team determines that the person meets the definition of a sexually violent predator, the team shall provide the state attorney, as designated by s. 394.913, with its written assessment and recommendation within the 72-hour period or, if the 72-hour period ends on a weekend or holiday, within the next working day thereafter.

*1135 (3) Within 48 hours after receipt of the written assessment and recommendation from the multidisciplinary team, the state attorney, as designated in s. 394.913, may file a petition with the circuit court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegation. If a petition is not filed within 48 hours after receipt of the written assessment and recommendation by the state attorney, the person shall be immediately released. If a petition is filed pursuant to this section and the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall order the person be maintained in custody and held in an appropriate secure facility for further proceedings in accordance with this part.
(4) The provisions of this section are not jurisdictional, and failure to comply with the time limitations, which results in the release of a person who has been convicted of a sexually violent offense, is not dispositive of the case and does not prevent the state attorney from proceeding against a person otherwise subject to the provisions of this part.
The agency "with jurisdiction" to transfer Ducharme to the custody of DCF was the DOC. When the DOC transferred Ducharme to the custody of the DCF on June 16, this triggered the running of the time requirements set forth in the above-quoted statute. Within 72 hours after the transfer, Ducharme was assessed, and the resulting report was provided to the state. (Ducharme was transferred on June 16 and the report was given to the state on June 19.) § 394.9135(2), Fla. Stat. (2000). Thereafter, 394.9135 provides that the state has 48 hours after receipt of the report (here, on June 19), in which to petition the circuit court. In this case, the state filed its petition (at the latest) on June 20th. Thus, the time lines set forth in the statute were met.
The lower court incorrectly viewed the time lines provided by the statute as starting to run on the day Ducharme was sentenced to time served  June 13. While Ducharme may have been entitled to a writ of habeas corpus after being sentenced to time served as he was arguably not legally detained from June 13 to June 16, that does not divest the circuit court of jurisdiction to adjudicate the commitment petition. See Tanguay v. State, 880 So.2d 533 (Fla.2004). Nor do we think State v. Atkinson, 831 So.2d 172 (Fla.2002) is applicable to this case. That decision only holds that the Jimmy Ryce Act is limited in its application to persons who were in lawful custody on the effective date of the Act, January 1, 1999. Id. at 173, n. 1. Ducharme clearly was in lawful custody when he was returned to Florida to face VOP charges.
REVERSED and REMANDED.
MONACO and TORPY, JJ., concur.