917 So.2d 354 (2005)
William Todd LARIMORE, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D05-3525.
District Court of Appeal of Florida, First District.
December 29, 2005.
Bill White, Public Defender; Ward Metzger, Assistant Public Defender, Jacksonville, for Petitioner.
*355 Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Respondent.
WEBSTER, J.
William Todd Larimore has filed a petition for writ of prohibition to prevent further proceedings against him pursuant to the Jimmy Ryce Act (§§ 394.910-394.931, Fla.Stat.(1999)). Rejecting Larimore's claim that the trial court was without jurisdiction to adjudicate the commitment petition filed pursuant to the Act, we deny the petition.

I.
On August 29, 1991, after pleading guilty to lewd and lascivious acts on a child under 16 years of age in two separate cases, Larimore was sentenced pursuant to the guidelines to 15 years in prison in one case followed by five years of probation in the second case. On October 10, 1998, Larimore was released from prison due to the award of gaintime, and began serving probation. On February 29, 2000, Larimore's probation was revoked, and he was sentenced to five years in prison. On August 12, 2002, this court held that Larimore was entitled to credit pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), for the 15 years served on his prison sentence (which included both actual prison time served and gaintime) which had the effect of erasing his five-year sentence for violating probation. Larimore v. State, 823 So.2d 287 (Fla. 1st DCA 2002). Shortly thereafter, based on the revocation of probation, the Department of Corrections forfeited the gaintime (2,830 days) earned on Larimore's 15-year prison sentence, relying on section 944.28(1), Florida Statutes.
On November 23, 2004, the state filed a petition to have Larimore declared a sexually violent predator and involuntarily committed pursuant to the Jimmy Ryce Act. However, on December 10, 2004, this court held that Larimore was entitled to immediate release from custody because forfeiture of Larimore's gaintime was not authorized pursuant to section 944.28(1) where Larimore's offense occurred before the effective date of the amendment to section 944.28 authorizing the forfeiture of gaintime upon revocation of probation. Larimore v. Fla. Dep't of Corr., 910 So.2d 847 (Fla. 1st DCA 2004), review denied, 905 So.2d 125 (Fla.2005). Larimore then filed a motion to dismiss the state's commitment petition under the Jimmy Ryce Act, arguing that he was not in lawful custody on the effective date of the Act. After the trial court denied the motion to dismiss, this petition for writ of prohibition followed.

II.
The first issue before us is whether Larimore was in lawful custody on or after the effective date of the Jimmy Ryce Act. In State v. Atkinson, 831 So.2d 172 (Fla.2002), our supreme court held that the Jimmy Ryce Act did not apply to persons who were not in lawful custody on January 1, 1999, the effective date of the Act. Id. at 174. Larimore's 15-year prison sentence expired on October 10, 1998. Although Larimore was serving five years of probation on January 1, 1999, the effective date of the Jimmy Ryce Act, probation was not "custody" within the meaning of the Act. State v. Siddal, 772 So.2d 555 (Fla. 3d DCA 2000).
After the effective date of the Act, the court revoked probation and resentenced Larimore to five years in prison. However, Larimore could not be considered in lawful custody on the five-year sentence because this court subsequently ruled that Larimore was entitled to a credit of 15 years against this sentence and that his gaintime was not subject to forfeiture. *356 Thus, Larimore's sentence (as far as incarceration was concerned) had effectively expired on October 10, 1998, before the effective date of the Jimmy Ryce Act.
However, Larimore was in custody after the effective date of the Jimmy Ryce Act because he spent 82 days in the county jail on the violation of probation charge before his probation was revoked on February 29, 2000. We conclude that such custody was lawful because it was authorized by section 948.06(1), Florida Statutes (1999), and Florida Rule of Criminal Procedure 3.790(b). See State v. Ducharme, 892 So.2d 1133, 1135 (Fla. 5th DCA 2004) (holding that Ducharme was in lawful custody on the effective date of the Act when he was returned to Florida to face violation of probation charges), review denied, 908 So.2d 1057 (Fla.2005).

III.
Because Larimore was in lawful custody after the effective date of the Jimmy Ryce Act, we must next address whether Larimore was in lawful custody when the state filed its commitment petition pursuant to the Act and, if not, whether this divested the trial court of jurisdiction to adjudicate the petition. It is clear that Larimore was not in lawful custody when the state filed its commitment petition on November 23, 2004. As to whether this divested the trial court of jurisdiction to adjudicate the petition, the supreme court held in Tanguay v. State, 880 So.2d 533 (Fla.2004), that the fact that an inmate was detained beyond the expiration date of his sentence and, thus, was not in lawful custody when the state filed its commitment petition under the Jimmy Ryce Act did not divest the trial court of jurisdiction to adjudicate the petition. Id. at 537. In doing so, the court explained:
There was no "in custody" requirement in the statute conferring jurisdiction in the circuit court which conditioned jurisdiction on the petitioner being "in custody" on the date the petition was filed. To the contrary, section 916.35(1) states, "If the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall direct that the person be taken into custody and held in an appropriate secure facility."
Id. However, the court emphasized that the case was controlled by the Jimmy Ryce Act prior to its amendment on June 1, 1999. Id. at 535.

A.
Unlike Tanguay, Larimore's case is controlled by the Jimmy Ryce Act after its amendment on June 1, 1999. Among other things, the amendment moved the Act from chapter 916 ("Mentally Deficient and Mentally Ill Defendants") to chapter 394 ("Mental Health"). Ch. 99-222, Laws of Fla. Section 394.913(1), Florida Statutes (1999) (previously section 916.33(1)), provides that the agency with jurisdiction over a person convicted of a sexually violent offense shall give written notice to the multidisciplinary team and state attorney at least 365 days or, in the case of an adjudicated committed delinquent, at least 90 days before the person's anticipated release from total confinement. Ch. 99-222, § 6, at 1377, Laws of Fla. In the case of a person who has been returned to total confinement for no more than 90 days, written notice must be given as soon as practicable following the person's return to confinement. § 394.913(1)(b), Fla. Stat. (1999). Within 45 days after receiving the notice, the multidisciplinary team must make a written assessment and recommendation regarding whether the person meets the definition of a sexually violent predator and should be committed under the Act, which shall be provided to the state attorney by the Department of Children and Family Services. § 394.913(3)(e), Fla. Stat. (1999). However, the provisions *357 of section 394.913 are not jurisdictional, and the failure to comply with them does not prevent the state attorney from proceeding pursuant to the Act by filing a commitment petition in circuit court. § 394.913(3), Fla. Stat. (1999). See also § 394.914, Fla. Stat. (1999).
In addition, section 394.9135, Florida Statutes (1999) (a new section created by the amendment), provides that if anticipated release from total confinement becomes immediate for any reason, the person shall be transferred upon release to the custody of the Department of Children and Family Services; the multidisciplinary team shall make its assessment within 72 hours after transfer and provide the state attorney with its written assessment and recommendation within the 72-hour period if it determines that the person meets the definition of a sexually violent predator; and the state attorney may file a commitment petition within 48 hours after receipt of the written assessment and recommendation. Ch. 99-222, § 7, at 1378-79, Laws of Fla. If the petition is not filed within 48 hours, the person is entitled to immediate release. § 394.9135(3), Fla. Stat. (1999). However, the provisions of section 394.9135 are not jurisdictional, and failure to comply with the time limitations, which results in the release of the person, is not dispositive of the case and does not prevent the state attorney from proceeding under the Act. § 394.9135(4), Fla. Stat. (1999).
Finally, section 394.915(1), Florida Statutes (1999) (previously section 916.35(1)), provides that if a petition is filed and the court determines that probable cause exists to classify the person as a sexually violent predator, it "shall order that the person remain in custody and be immediately transferred to an appropriate secure facility if the person's incarcerative sentence expires." Ch. 99-222, § 9, at 1379-80, Laws of Fla. See also § 394.9135(3), Fla. Stat. (1999).
While the Act as amended clearly contemplates that a commitment petition should be filed before a person is released from total confinement, there is nothing in the Act that provides that the petition must be filed before the person's release. Rather, the Act clearly states that its time limitations are not jurisdictional and do not prevent the state from proceeding pursuant to the Act even if the person is released from custody. Based on this language, we conclude that jurisdiction under the amended Act is not conditioned on a person being "in custody" on the date the petition is filed. The Fifth District Court of Appeal concluded as much in Moore v. State, 909 So.2d 500, 502-04 (Fla. 5th DCA 2005). See also Ducharme, 892 So.2d at 1135 ("While Ducharme may have been entitled to a writ of habeas corpus after being sentenced to time served as he was arguably not legally detained from June 13 to June 16, that does not divest the circuit court of jurisdiction to adjudicate the commitment petition"); Washington v. State, 866 So.2d 725, 727 (Fla. 3d DCA 2004) (Cope, J., specially concurring) ("The time limits of section 394.9135 are not jurisdictional, and a release of an individual from custody does not prevent the State from instituting proceedings under the Act").

B.
The Second District Court of Appeal arrived at a different conclusion in Gordon v. Regier, 839 So.2d 715 (Fla. 2d DCA 2003). The Second District held that
section 394.925, which states that the Act applies to all persons "currently in custody" or "sentenced to total confinement in the future," in conjunction with the other provisions in the Act, provides that involuntary civil commitment proceedings may be brought only against those persons in custody at the moment the proceedings are commenced; there *358 is no provision in the Act for proceeding against those persons who are on supervision but no longer in custody.
Id. at 719-20. The court rejected the argument that section 394.9135(4) allowed the state to start proceedings against a person who is not in custody. Id. at 720.
We choose not to follow Gordon. The Fifth District in Moore correctly criticized Gordon on the grounds that it (1) failed to follow the plain statutory language to the effect that the requirements of section 394.9135 are not jurisdictional and (2) could not be reconciled with the supreme court's decision in Tanguay. Moore, 909 So.2d at 503-04. In Tanguay, the court agreed with the state's contention that the circuit court did not lose jurisdiction when the state failed to proceed against Tanguay before the expiration of his sentence because the Act provided that the time limits prescribed in the Act were not jurisdictional. 880 So.2d at 537. Furthermore, the court distinguished its decision in Atkinson, which construed section 916.45 (now section 394.925), stating that Atkinson pertained only to the retroactivity of the Act and had no bearing on the issue of whether the Act required a commitment petition to be filed while a person was still in lawful custody. Id.

IV.
Concluding that the trial court had jurisdiction to adjudicate the commitment petition filed against Larimore pursuant to the Jimmy Ryce Act, we deny the petition for writ of prohibition. In doing so, we certify conflict with the Second District's decision in Gordon.
PETITION DENIED.
ALLEN and THOMAS, JJ., concur.