PER CURIAM.
William A. Evans challenges his involuntary civil commitment under the Involuntary Civil Commitment of Sexually Violent Predators Act, sections 394.910-.932, Florida Statutes (2006), commonly known as the “Jimmy Ryce Act” (hereinafter referred to as the “Ryce Act” or the “Act”). He argues that Larimore v. State, 2 So.3d 101 (Fla.2008), requires reversal of his judgment of commitment because he was not in “lawful custody” when the civil commitment process was initiated against him. Because the facts of this case are analytically indistinguishable from In re Commitment of Phillips, 69 So.3d 951 (Fla. 2d DCA 2010), approved, 74 So.3d 1084 (Fla.2011), we agree that a reversal is required.[1] Because the Florida Supreme Court has not yet issued a full opinion in Phillips addressing the certified question in that case, we also certify the following similar question to the Court as one of great public importance:
DOES THE- STATE HAVE JURISDICTION TO INITIATE CIVIL COMMITMENT PROCEEDINGS UNDER THE INVOLUNTARY CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS ACT AGAINST AN INMATE WHO IS ENTITLED TO IMMEDIATE RELEASE BASED ON A CORRECTED AWARD OF TIME SERVED?[2]
REVERSED; QUESTION CERTIFIED.
PALMER and COHEN, JJ., concur.
LAWSON, J., concurs and concurs specially with opinion.

.On appeal, Evans relied upon the Second District’s opinion in Phillips in arguing for a reversal. The State acknowledged that the Second District’s opinion would require a reversal, but suggested that we not follow Phillips. We were prepared to conflict with Phillips until we discovered that the majority opinion in that case had already been approved by the Florida Supreme Court — a fact not brought to our attention by either party (despite the fact that the Supreme Court approved the decision in Phillips approximately 10 months before the first brief was filed in this case).

. The certified question in Phillips addressed a corrected award of gain time.