869 So.2d 619 (2004)
Eric NEWSOM, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2060.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
*620 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges his conviction for violating the registration and reporting requirements of section 943.0435, Florida Statutes (1998) (the "Reporting Act"), which requires a "sexual offender" to register and report upon release from prison. Appellant argues that the statute does not apply to him because, but for an illegal sentence, he would have been released from prison prior to the effective date of the statute. We affirm.
Appellant was convicted of sexual battery, robbery and dealing in stolen property. On October 30, 1987, he was sentenced to 40 years in prison (40 years for sexual battery, 5 years for robbery, and 5 years for dealing in stolen property, the latter two sentences were to run concurrently with the 40-year sentence). His sentence on the sexual battery charge was illegal because it exceeded the guidelines then in effect, but the illegal sentence was not corrected until January of 2000, based on a motion filed by Appellant in December of 1999.[1] At that time, he was re-sentenced to 15 years on the sexual battery charge to run consecutive to 5-year concurrent sentences on the robbery and dealing in stolen property charges. The sentence was imposed nunc pro tunc to October 30, 1987.
In Appellant's Motion to Dismiss the instant charge, to which the State did not traverse or otherwise contest the facts, Appellant alleged that had he been given a legal sentence at the outset, through operation of gain time, his release date would have been in 1992 or 1993, several years prior to the enactment of the Reporting Act. In support of his argument, Appellant relies upon State v. Atkinson, 831 So.2d 172 (Fla.2002).
In Atkinson, the court was presented with a similar situation involving the Jimmy Ryce Act.[2] There, Atkinson had been sentenced for an offense that qualified under the Ryce Act. Pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), Atkinson was entitled to be re-sentenced. The new sentence, had it been given originally, would have expired prior to the enactment of the Ryce Act, even without consideration of gain time credit. The issue in Atkinson was whether the language of the Ryce Act, which purported to apply to "all persons currently in custody [at the time of the Act's enactment]," could be applied to a person such as Atkinson who, although in custody, was not in "lawful custody," at the time of the Act's passage. The court concluded that to construe the Ryce Act literally "would result in unreasonable, harsh or absurd consequences." Atkinson, 831 So.2d. at 174. Based thereon, the court approved the lower court's construction of the statute, which limited its application to persons in "lawful" custody at the time of the Act's passage.
We think Atkinson is distinguishable for two reasons. First, the language of the *621 Reporting Act is materially different from the language of the Ryce Act. The Reporting Act applies to persons who are "released on or after October 1, 1997, from the sanction imposed for any conviction of an [enumerated offense]." § 943.0435(1)(a)2., Fla. Stat. (1998). This language is plain, and clearly applies to Appellant. Moreover, its literal interpretation leads to a result that is neither harsh, absurd, nor unreasonable. Unlike the Ryce Act, which provides for continued commitment for an indefinite period, the Reporting Act's consequences are far less harsh. It is not absurd or unreasonable for the legislature to require that a convicted sex offender succumb to reporting and registration even under the circumstances of this case. Second, Atkinson dealt with a situation where there were no circumstances under which the defendant legally could have been held until the date on which the Ryce Act took effect. Here, Appellant's release prior to the effective date of the Reporting Act could only have been accomplished through the operation of administrative gain time.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] No explanation is contained in the record for why it took so long for Appellant to file the rule 3.800 motion, but commendably, the trial judge, R. James Stroker, acted promptly in ruling on the motion.
[2] §§ 394.910-394.931, Fla. Stat.