FULMER, Judge.
 

 Robert L. Ellerby appeals the summary denial of his pro se motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the trial court to hold an evidentiary hearing on the claim that El-lerby’s counsel rendered ineffective assistance by not moving to dismiss the charge of failing to register as a sexual offender. In all other respects, we affirm the denial of Ellerby’s motion without further discussion.
 

 In July 2007, Ellerby entered a no contest plea in two lower court cases to the charges of failure to register as a sexual offender and driving while license suspended or revoked as a habitual offender. He was sentenced to 52.65 months on each count concurrently. He did not file a direct appeal.
 

 In ground one of his postconviction motion, Ellerby challenges the conviction for failing to register as a sexual offender. He claims that his counsel was deficient in not moving to dismiss the charge, arguing that he was not subject to the registration requirement because he served in excess of his sentence imposed for the predicate sexual conviction and that if he had been released at the proper time, he would not have had to register under the effective date of the statute.
 

 He alleges that on May 3, 1995, he was sentenced to thirty-six months in prison for committing a lewd and lascivious act, occurring on July 25, 1994. He was released July 10, 1997, on conditional release, which was to have expired on August 7, 1997. However, he was arrested on August 8, 1997, pursuant to a warrant issued August 1, 1997, for violating the terms of the conditional release. He was finally released on November 13, 1997.
 

 On December 14, 2005, he was arrested for failure to register as a sexual offender. The governing statute, section 943.0435(1), Florida Statutes (2005), provides in part: (a) Sexual offender means a person who:
 

 1. Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: ... s. 800.04 ... and....
 

 2.
 
 Has been released on or after October 1, 1997,
 
 from the sanction imposed for any conviction of an offense de-seiibed in subparagraph 1.
 

 § 943.0435(l)(a)(l)-(2) (emphasis added).
 

 Ellerby argues that his counsel should have moved to dismiss the charge because although he was released from prison on November 13, 1997, after the October 1, 1997, triggering date in the statute, he should have been released earlier, in September 1997. He attaches correspondence
 
 *797
 
 from Department of Corrections officials to support his contention that he was held for the control release violation past the expiration of his sentence.
 

 In denying this claim, the postconviction court stated, without citation to authority, that counsel did not have a basis for filing a motion to dismiss and that absent any correction by the Department of Corrections, Ellerby was required to register. We conclude that the postconviction court erred in denying this claim and that Eller-by should be afforded an evidentiary hearing, where he should be given the opportunity to prove his allegations.
 

 Our conclusion rests upon the supreme court’s analysis of an analogous claim in
 
 State v. Atkinson,
 
 831 So.2d 172 (Fla.2002). In
 
 Atkinson,
 
 the supreme court limited the Jimmy Ryce Act
 
 [1]
 
 (Ryce Act) to those individuals who were in lawful custody on its effective date. The supreme court reasoned that although “the Ryce Act applie[d] ‘to all persons currently in custody who have been convicted of a sexually violent offense[,]’ ... [i]t would be contrary to the basic tenets of fairness and due process ... to interpret [the Ryce Act] as requiring only actual custody.” 831 So.2d at 173-74. The supreme court held that the Ryce Act was limited to persons who were in lawful custody on its effective date.
 
 Id.
 
 at 174. Thus, where Atkinson was entitled to resentencing pursuant to
 
 Heggs v. State,
 
 759 So.2d 620 (Fla.2000), and his new prison sentence would have expired on June 25, 1998, even without the award of any gain time, the trial court was without jurisdiction to entertain the Ryce Act commitment petition, even though Atkinson was in actual custody on the effective date of the Act, January 1,1999.
 
 Id.
 
 at 173-74.
 

 We recognize that
 
 Newsom v. State,
 
 869 So.2d 619 (Fla. 5th DCA 2004), involving a direct appeal from a conviction for failing to register as a sexual offender, might suggest a different result in the present case. However, we find
 
 Neivsom
 
 to be distinguishable. In
 
 Newsom,
 
 the defendant was charged with violating the requirements of section 943.0435, Florida Statutes (1998), and he filed a motion to dismiss, arguing that the statute did not apply to him because, but for an illegal sentence, he would have been released from prison prior to the enactment of section 943.0435.
 
 Id.
 
 at 620. The Fifth District affirmed the denial of the motion to dismiss. We find it significant that the
 
 Newsom
 
 court distinguished
 
 Atkinson
 
 in part because Newsom relied on gain time to recalculate what should have been his release date. In the present case, however, it does not appear that Ellerby is relying on gain time to demonstrate that he was mistakenly held past his lawful release date. Thus we distinguish
 
 Newsom
 
 and rely on
 
 Atkinson
 
 to conclude that Ellerby has alleged a prima facie case of ineffective assistance of counsel because based on his allegations, a motion to dismiss his charge would have been justified.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 DAVIS and VILLANTI, JJ., Concur.
 

 [1]
 

 . §§ 394.910-.930, Fla. Stat. (2000).